[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter comes before the Court on plaintiff's motion for modification of custody dated October 23, 1992.
On April 27, 1983, a decree of dissolution was entered by the Court, which decree provided, inter alia, that custody of the minor children be vested in the mother with reasonable rights of visitation in the father.
In April 1984, the minor child, Patricia, died. The remaining child, subject of this motion, is Christopher, born December 20, 1982.
Since the divorce, there have been several references and reports by the Family Relations Office. The computer print out shows fifty-six (56) entries since the dissolution. Needless to say, this has been an ongoing CT Page 8088 battle.
Mr. McKeever, a New London County Domestic Relations Officer, testified and recommended that the father have custody. This recommendation was a reaffirmation of his conclusion contained in Plaintiff's Exhibit 2, which is the Family Relations Report completed August 3, 1992. It should be noted for the record that there is a gap of some 8 1/2 months between the completion of the report and the court testimony by Mr. McKeever. There was little or no contact in that time between Mr. McKeever and the parties to this action. It is not intended in any way as criticism but rather to indicate that the communication between the Court and the Family Relations Office should be improved so as to give the Family Relations Office sufficient notice that an updated report is needed. This unfortunately was not done. As a result, much of the testimony centering about the past nine months is not reflected in any Family Relations report, and in a way, renders the proffered report stale. The testimony convinces the Court that much of the behavior of the wife which was criticized has been corrected.
There is no question in the Court's mind that the mother does not possess good parenting skills. Obviously, she has neglected dental care for the child and her house is apparently in constant disarray. However, almost all of the witnesses gave the child wonderful accolades for his behavior. Glenna Walters called him "a great kid," and she beamed when she said it. Witness after witness echoed her assessment. Joyce Watrous, the maternal grandmother, said that the defendant is a wonderful mother, involved in all aspects of the child's life.
This is a very difficult case for a variety of reasons. The father is a good and loving parent. Both the Family Relations Officer and the attorney for the minor child recommend a change of custody. Normally, the Court gives great weight to these recommendations. However, in this instance, the Court is respectfully inclined to disagree with their recommendation.
Applying the ultimate test of the best interest of the child, the Court concludes that the plaintiff has failed to carry his burden that the best interest of the child dictates a change of custody. Our Supreme Court, in Cookson CT Page 8089 v. Cookson, 201 Conn. 229, 239 (1986), said: "When the interests of the parents vis a vis each other and the children allegedly conflict, that conflict is best resolved by placing the burden on the non-custodial parent to prove by a fair preponderance of the evidence that a transfer of custody is in the best interest of the children."
Defendant's Exhibit 6, the 1991-1992 report card indicates that Christopher is proceeding exceptionally well in school. This has been confirmed by his teacher. A change of custody would require a change of school. Although this in and of itself is not controlling, nonetheless it is another factor which the Court must consider.
Taking all of the factors under consideration and recognizing that the father makes a compelling argument for change of custody, the Court is nonetheless unpersuaded that the best interest of the child presently dictates a change of custody.
Accordingly, the motion is denied.
The Court awards attorney's fees to the attorney for the minor child in the amount of $2,000. The wife is to pay $500 at the rate of $15 per week and the husband is to pay the balance at the rate of $35 per week.
Mihalakos, J.